COMMONWEALTH *vs.* JOHN F. KENNEY.

Essex.    November 7, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bastardy Proceedings*, Dismissal by agreement, Intervention by overseers of the poor.

After a bastardy proceeding under R. L. c. 82, begun on complaint of the mother, has been dismissed by agreement of the complainant and the putative father, it is too late for the overseers of the poor of the municipality wherein the mother has a settlement to intervene to prosecute the complaint.

St. 1913, c. 563, relative to illegitimate children and their maintenance, does not apply to a motion and application by the overseers of the poor of the municipality wherein the mother of such a child has a settlement to be permitted to intervene to prosecute a bastardy proceeding under R. L. c. 82, begun in January, 1913, on complaint of the mother relative to a child born in 1912 and dismissed on July 18, 1913, by agreement of the mother and the putative father, because by § 9 of the statute it does not affect proceedings begun before July 1, 1913.

The rights given to a municipality by R. L. c. 82, § 18, which provides that no settlement made by the father and mother of an illegitimate child shall relieve the father from liability to any city or town or the Commonwealth for the support of the child, cannot be enforced by permitting the overseers of the poor to intervene to prosecute a proceeding, begun under that chapter on complaint of the mother, after that proceeding has been dismissed by agreement of the mother and the putative father.

COMPLAINT, received and sworn to on January 28, 1913, in the Central District Court of Northern Essex under R. L. c. 82, alleg-

ing that the defendant was the father of the illegitimate child of the complainant, Etta G. DeCourcy.

On July 18, 1913, there was filed an agreement of the complainant and the defendant that the entry be made, "Complaint dismissed." On the same day the clerk of the court made the entry on the docket, "Dismissed as on file."

On February 23, 1917, the overseers of the poor of the city of Newburyport filed a motion to be allowed to intervene to prosecute the complaint. The motion was heard by *Quinn,* J. The material facts are stated in the opinion. The judge denied the motion, and the overseers of the poor alleged exceptions.

*H. I. Bartlett,* for the overseers of the poor.

*G. H. McDermott,* (*P. J. Nelligan* with him,) for the defendant.

CARROLL, J. This is a motion by the overseers of the poor of Newburyport to be allowed to intervene and prosecute a bastardy complaint brought by the mother against the defendant, under R. L. c. 82.

At the hearing the overseers of the poor offered to show that the complaint was entered in the Superior Court on the first Monday of March, 1913, that on July 18, 1913, the complainant, who had a settlement in Newburyport, signed an agreement to dismiss the case which was filed on the same day, and the clerk made the entry on the docket, "July 18, dismissed as on file." The child was born April 27, 1912. The defendant paid the board of the child "most of the time from sometime in June, 1912, to sometime in February, 1915." The complainant received nothing from the defendant, except his promise to pay for the child's board. In April, 1915, the defendant was brought before the "District Court in Haverhill on a complaint under St. 1913, c. 563." The case was dismissed "because of the bastardy complaint." Thereafter application was made to the overseers of the poor of Newburyport for assistance in the support of the child. They then learned for the first time that there was such a child and of the proceedings that had been had. They paid $2.50 per week from June 10, 1915, and still are paying at that rate for the child's support.

The judge denied the motion to intervene to prosecute and refused to admit the application of the overseers to prosecute the case, to which ruling they excepted.

The original complaint was brought under R. L. c. 82, providing for the maintenance of bastard children. St. 1913, c. 563, relative to illegitimate children and their maintenance, which took effect July 1, 1913, does not apply to the motion and application of the overseers in the proceedings before us, as § 9 of that statute providing for the repeal of c. 82 declares that this repeal does not affect proceedings begun before the first of July in the year 1913.

If a woman entitled to make a complaint under the bastardy act, refused or neglected to do so, the overseers of the poor where she had her settlement could make a complaint and prosecute it. R. L. c. 82, § 2. If the overseers of the poor had intervened, no complaint instituted by the mother could have been withdrawn, dismissed or settled by agreement between her and the putative father, without the consent of the overseers, unless provision was made "to the satisfaction of the court, to relieve and indemnify any parent, guardian, city, town or the Commonwealth from all charges which have accrued or may accrue for the maintenance of the child." R. L. c. 82, § 17. If this had been done the case could not have been settled except under § 17; but the overseers of the poor did not intervene until after the case was dismissed by the parties and final judgment entered. There is no provision of law which gives to the overseers of the poor the right to intervene under these circumstances. See *Haley* v. *Whalen,* 121 Mass. 533.

R. L. c. 82, § 18, provides, "No settlement made by the father and mother, before or after the complaint is made, shall relieve the father from liability to any city or town or the Commonwealth for the support of a bastard child." The rights, however, given under this section against the father for the support of the child, cannot be enforced by intervening in the bastardy case, after that case has been finally dismissed by the agreement of the complainant and the defendant, who were the only parties to the record.

*Exceptions overruled.*